# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 09CR3772 WQH |
| Plaintiff, | ORDER |
| vs. | |
| SERGIO GUZMAN-TORRES (1), JOSE JARAMILLO-MENDEZ (2), | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to suppress statement filed by Defendant Jose Jaramillo-Mendez (ECF No. 37-7).

## BACKGROUND FACTS

On September 22, 2009, three vans attempted to enter the United States from Mexico through lane three of the San Ysidro Port of Entry. Defendant Sergio Guzman-Torres was the driver of one of the vans. The van driven by Guzman-Torres contained twenty-five undocumented individuals from Mexico attempting to enter the United States illegally. The Government alleges that Defendant Jose Jaramillo-Mendez acted as the alien-smuggler of the van driven by Guzman-Torres. Defendants were charged in a ten count indictment with four counts of Bringing in Illegal Aliens for financial gain in violation of 8 U.S.C. §1324(a)(2)(B)(ii), and four counts of bringing in illegal aliens for presentation and aiding and abetting in violation of 8 U.S.C. §1324(a)(2)(B)(iii). Defendant Guzman-Torres was charged with two counts of assault on a federal officer in violation of 8 U.S.C. § 111(a)(1) and (b). In

addition to the charges in the indictment, a superseding indictment charged the Defendant Jaramillo-Mendez with two counts of attempted witness tampering in violation of 18 U.S.C. § 1512(b)(1). Defendant Guzman-Torres has entered a plea of guilty to Counts three, five and seven of the Superseding Indictment.

Defendant Jaramillo-Mendez moves to suppress his post-arrest statement on the grounds that the Government has not demonstrated that his waiver of *Miranda* rights was voluntary, knowing, and intelligent. Defendant Jaramillo-Mendez further asserts that his statements were not voluntary. The Government contends that the evidence demonstrates that the waiver of *Miranda* was valid and the Defendant's statements were voluntary.

Defendant Jaramillo-Mendez was detained at the San Ysidro Port of Entry on September 22, 2009 at 3:30 p.m. after the van in which he was a passenger was stopped attempting to run the port. Immigration and Customs Enforcement Agent Thomas Mendias interviewed Defendant Jaramillo-Mendez at the port of entry at 11:14 p.m. The interview was conducted in the Spanish language by Agent Mendias who is fluent in Spanish. Prior to any questioning, Defendant was informed of his rights under *Miranda v. Arizona*. Defendant executed a written Statement of Rights and Waiver form. Agent Mendias testified at the hearing before this Court that any delay in the interview was a result of the scope of the investigation in this case, which included three vans, more than sixty illegal aliens, and shots fired.

In order for inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the waiver of *Miranda* rights must be voluntary, knowing, and intelligent. *See United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007). In order to be knowing and intelligent, "the waiver must have been made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burdine*, 475 U.S. 412, 421 (1986). There is a presumption against waiver and the Government bears the burden of establishing the existence of a valid waiver of *Miranda* rights. *North Carolina v. Butler*, 441 U.S. 369, 374-75 (1979). The validity of a waiver depends upon the particular facts and circumstances of the case, including the background, experience

and conduct of the defendant. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). "Several factors to consider are (i) defendant's mental capacity; (ii) whether the defendant signed a written waiver; (iii) whether the defendant was advised in his native tongue or had a translator; (iv) whether the defendant appeared to understand his rights; (v) whether the defendant's rights were individually and repeatedly explained to him; and (vi) whether the defendant had prior experience with the criminal justice system." *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007).

The interview with the Defendant was recorded on videotape. The Court has reviewed the video and the transcript prepared from the videotape. The videotape shows that Defendant Jaramillo-Mendez was informed of his *Miranda* rights, and that he waived his rights and agreed to speak with the agents. Defendant was advised of his rights in his native language. Defendant appears to have understood his rights, and to have intelligently and knowingly waived his rights. There is no evidence that agents used duress or coercion in any manner. The evidence shows that any delay in conducting the interview was reasonable and necessary based upon the seriousness of the incident and the scope of the investigation. The Court finds that the Government has demonstrated that the waiver of *Miranda* right was voluntary, knowing, and intelligent and that the statements made by the Defendant Jaramillo-Mendez were voluntary.

IT IS HEREBY ORDERED that the motion to suppress statement filed by Defendant Jose Jaramillo-Mendez (ECF No. 37-7) is denied.

DATED: September 22, 2010

**WILLIAM Q. HAYES**
United States District Judge